## No. 239
### GREAT AM. MUTUAL INDEM. CO. v. MEYER
Ohio Appeals, 1st Dist., Hamilton County
Decided Jan. 7, 1924

For Abstract of Pending Case in Supreme Court, see 2 Abs. 199.

**647. INSURANCE — Term "theft" construed to mean embezzlement of automobile—Where indefinite and ambiguous terms are used in insurance policy, construction most favorable to insured will be adopted—In civil action, intent to convert may be inferred.**

MAUCK, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Meyer was insured by the Great American Mutual Indemnity Co. against loss of or damage to his automobile by "theft, robbery or pilferage, etc." Meyer's son had custody of the car and the son and one Stenson were using the machine in selling some specialty in and about Cleveland. Young Meyer was suddenly called to his home in Cincinnati. Together with Stenson he went to the Cleveland depot in the car. Young Meyer then left the car in Stenson's possession and told him to take it back to its parking place, which was

a yard in the rear of their rooming house. When the young man returned to Cleveland about a week later he was unable to find Stenson or the car. Whether Stenson ever returned the car to the parking place did not appear. This happened in July, 1922, while the insurance was in full force and effect.

Meyer brought his action in the Municipal Court of Cincinnati to recover under his policy. The Company claimed that the term "theft" covered a larcenous taking and nothing else. Judgment was recovered in the Municipal Court in favor of plaintiff and' that judgment was confirmed in the Common Pleas. Error was then prosecuted to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That the terms "theft, robbery and pilferage" were intended to be broadly construed and that the embezzlement of the car in the instant case came within the purport and intent of these words.

2. Where an indefinite and ambiguous term which is susceptible of two constructions, one favorable to the insured and one favorable to the insurer, is used, that one most favorable to the insured will be adopted. (Mumaw v. Insurance Co., 97 OS. 1.)

3. In a civil action involving the conversion of property the intent may be inferred from the unauthorized taking and need not be proved as in a criminal action.

Attorneys—Buchwalter, Headley & Smith, for Meyer; W. W. Symmes and Wm. Busch, Cincinnati, for Indem. Co.